UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES RIVER INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

v.

CASE NO:

JOYCE W. CANTRELL, as Personal
Representative of the Estate of HAROLD
E. CANTRELL,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

JAMES RIVER INSURANCE COMPANY ("James River") files suit against JOYCE W. CANTRELL, as Personal Representative of the Estate of HAROLD E. CANTRELL ("Estate"), and allege:

### NATURE OF ACTION

1. This is an action for declaratory relief under 28 U.S.C. § 2201. At issue in this action is whether a patient with Alzheimer's who escaped from an assisted living facility is a claim for "health care services" under a Health Care Services Policy. James River tendered the limit of $500,000 under that policy, but the Estate's counsel believes that the Commercial General Liability Policy applies instead—even though it has a Health Care Services Exclusion.

### JURISDICTION AND VENUE

2. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

3. Venue is proper in this district because a substantial part of the events giving rise to this dispute occurred in this district. 28 U.S.C. § 1391(a)(2). More specifically, the health care services accident occurred in this district, the assisted living facility is located in this district, and the defendant is a citizen of this district.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. James River is an Ohio corporation with its principal place of business in Richmond, Virginia. James River is an insurance company that issued a surplus lines insurance policy to Indigo Palms, LLC and Indigo Palms Holdings – Daytona, LLC (collectively, "Indigo"). Indigo operates an assisted living facility in Daytona, Florida ("Indigo ALF").

6. Harold Cantrell was a patient at Indigo ALF when he was allowed to escape and ultimately died. At the time of his death, Harold Cantrell was a Florida citizen.

## THE LAWSUIT BY THE ESTATE FOR DAMAGES FROM INJURIES THAT HAROLD CANTRELL SUSTAINED AS AN ALZHEIMER'S PATIENT AT INDIGO ALF

7. On 08/07/2018, the Estate filed its Complaint in circuit court in Volusia County, Florida, in an action bearing Case No. 2018-31321-CICI. A copy of the Complaint is attached as Exhibit "A."

8. The Estate alleges that Harold Cantrell was a patient of Indigo, an assisted living facility, from April 26, 2017 through July 5, 2017. (Compl., ¶14.)

9. Harold Cantrell was 85 years old at the time of his admission. (¶15.)

10. He "had a known medical history of Alzehimer's disease, diabetes and placement of a cardiovascular defibrillator." (¶15.)

11. Prior to his admission, according to the Complaint, Harold Cantrell's family was told that Indigo ALF was an "[a]ssisted [l]iving [f]acility for Alzheimer's and [d]ementia

[p]atients," that it was a "safe and secure" facility, and that it had a "[s]tate-of-the-art security system." (¶16.)

12.  Joyce Cantrell was Harold Cantrell's wife. (¶2.) On 07/05/2017, she visited Harold Cantrell at Indigo ALF. (¶17.)

13.  On 07/05/2017, at 2:30 p.m., Joyce Cantrell left the facility. When Joyce Cantrell left, Harold Cantrell was visibly upset because he wanted to go home with her. (¶17.)

14.  On 07/05/2017, at 3:33 p.m., an unidentified patient at Indigo ALF opened the door to the lobby. (¶18.)

15.  As a result of the door to the lobby being left unlocked or open, Harold Cantrell "eloped from the facility." (¶18.)

16.  The Indigo ALF staff did not notice that Harold Cantrell had escaped from the facility until around 5:15 p.m., when dinner was being served to the other patients. (¶18.)

17.  On 07/05/2017, at 5:45 p.m., staff at Indigo ALF called 911 and reported Harold Cantrell as missing. (¶19.)

18.  Over the course of the next three weeks an extensive manhunt was conducted, but Harold Cantrell could not be located. (¶20.)

19.  On 07/23/2017, Harold Cantrell was found dead in the backyard of a residential home in Daytona Beach, Florida. (¶21.)

20.  As a result of Harold Cantrell's escape from Indigo ALF and ultimate death, the Estate sued Indigo and various related persons and entities. The Estate alleges negligence and wrongful death against the underlying defendants.

### THE JAMES RIVER CGL POLICY

21. James River issued a "package" insurance policy to "Indigo Palms, LLC" and "Indigo Palms Holdings – Daytona, LLC," among others, bearing Policy No. 0075851-0. A copy of the complete policy is attached as Exhibit "B."

22. The package policy consists of a Commercial General Liability coverage policy ("CGL Policy") and a Professional Liability Services policy (referred to as "Health Care Services Policy").

23. The CGL Policy contains a Health Care Services Exclusion, which provides as follows:

# EXCLUSION – SERVICES FURNISHED BY HEALTH CARE PROVIDERS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

#### SCHEDULE

| Description Of Operations: |
|---|
|  |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. The rendering or failure to render:

   a. Medical, surgical, dental, x-ray or nursing service, treatment, advice or instruction, or the related furnishing of food or beverages;
   b. Any health or therapeutic service, treatment, advice or instruction; or
   c. Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming.

2. The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances; or

3. The handling or treatment of dead bodies, including autopsies, organ donation or other procedures.

**THE JAMES RIVER HEALTH CARE SERVICES POLICY**

24. The Health Care Services Policy's principal coverage form, Form No. AH2200US-0903, includes these pertinent provisions:

**SECTION I – COVERAGES**

1. **Insuring Agreement**

   a. We will pay, in excess of the Deductible shown in the Declarations, those sums the insured becomes legally obligated to pay as "damages" because of "professional services" rendered or that should have been rendered to which this insurance applies. We will have the right and duty to defend the insured against a "claim" seeking those "damages". However, we will have no duty to defend the insured against any "claim" seeking "damages" for "professional services" to which this insurance does not apply. …

25. The Health Care Services Policy's contains the following definition:

**SECTION VI – DEFINITIONS …**

5. "Professional services" means the furnishing of professional *health care services* by the Named Insured.

(Emphasis added.)

26. The Health Care Services Policy has a limit of $500,000 for Each Claim.

27. James River has been fully providing coverage to Indigo under the Health Care Services Policy.

28. James River tendered the entire limit of $500,000, under the Health Care Services Policy, to the Estate.

29. The tender was rejected by the Estate.

30. The Estate believes that the CGL Policy applies, despite the Health Care Services Exclusion.

## COUNT I – THERE IS COVERAGE ONLY UNDER THE HEALTH CARE SERVICES POLICY

31. James River incorporates paragraphs 1 through 30.

32. Harold Cantrell was an Alzheimer's patient at the Indigo ALF facility when he was allegedly allowed to escape and ultimately died.

33. The underlying lawsuit seeks damages against James River's insureds, including Indigo, as a result of health care services.

34. Consequently, there is only coverage under the Health Care Services Policy, which has a limit of $500,000 for Each Claim.

35. Conversely, there is no coverage under the CGL Policy pursuant to the Health Care Services Exclusion.

## REQUESTED RELIEF

**WHEREFORE,** James River respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policies;

b. Declare that there is coverage only under the Health Care Services Policy, not the CGL Policy; and

c. Award James River all costs it incurred to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**AARON WARREN**
Florida Bar No. 96162
Aaron.Warren@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646